# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ROBERT LEE THACKER,      )
     )
     Petitioner,      )
     )
     v.      )      **1:11CV863**
     )
NC ATTORNEY GENERAL ROY      )
COOPER,      )
     )
     Respondent.      )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, has submitted a document entitled "Habeas Corpus Request for Discovery Test Result from the SBI Crime Lab." To a great extent, the submission is what it purports to be: a request for discovery of physical evidence, including DNA evidence and test results, connected to a criminal conviction in the state courts. However, Petitioner does not currently have an action pending in this Court in which he can request discovery. In order to have the discovery he seeks, he would first have to file an action under 28 U.S.C. § 2254 raising claims that his constitutional rights have been violated and then seek discovery under the appropriate standards in a habeas action. He has not done so. It is also at least theoretically possible that Petitioner could use an action under 42 U.S.C. § 1983 to obtain DNA testing if that is what he seeks. *See Skinner v. Switzer*, 562

U.S. ___, 131 S. Ct. 1289 (2011).[1]  If Petitioner wishes to do this, he should request the appropriate forms and file such an action.  Finally, Petitioner's current submission also appears to substantively contest his state court conviction.   To the extent that this is true, it will be construed as a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  Nevertheless, the petition cannot be further processed for the following reasons:

1.    Petitioner has not used the required § 2254 Forms.  Rule 2, R. Gov. § 2254 Cases.  The Clerk will forward to Petitioner the proper forms.

2.    Court records reveal that Petitioner has already attacked the same conviction and sentence in a previous § 2254 petition (See 1:00CV48, Docket Nos. 12, 16, dismissing prior petition by Petitioner for failing to get authorization to file a successive petition).  Consequently, Petitioner must apply to the United States Court of Appeals for the Fourth Circuit for an order authorizing this district court to consider the current petition.  This is required by 28 U.S.C. § 2244(b)(3)(A).  See AO 241 (MDNC 3/97), Instructions, paragraph 5.

3.    Filing fee was not received, nor was an affidavit to proceed *in forma pauperis* submitted and signed by Petitioner.

Because of these pleading failures, this submission will be filed as a habeas petition under § 2254, but then dismissed, without prejudice to Petitioner filing a new petition if he receives permission to do so from the Fourth Circuit.  *In forma pauperis* status will be granted solely for the purpose of entering this Recommendation and Order.

---

[1]  The problem for Petitioner is that the state court documents he attaches to his submission state that the physical evidence connected to his case was destroyed in the ordinary course of business.  (Docket No. 1, Exs. A, B.)  Unless he could show otherwise, there would be no relief that this, or any other court, could grant him as far as ordering the type of testing allowed by *Skinner*.

**IT IS THEREFORE RECOMMENDED** that Petitioner's filing be construed as a petition under 28 U.S.C. § 2254, but dismissed for failure to apply to the United States Court of Appeals for the Fourth Circuit for an order authorizing this district court to consider the current petition as is required by 28 U.S.C. § 2244.

**IT IS THEREFORE ORDERED** that *in forma pauperis* status is granted for the sole purpose of entering this Recommendation and Order.

**IT IS FURTHER ORDERED** that the Clerk shall send Petitioner a copy of this Recommendation and Order, instruction forms for filing § 2254 petitions in this Court and for filing a Motion for Authorization in the United States Court of Appeals for the Fourth Circuit, an application to proceed *in forma pauperis* (upon request), and four copies of § 2254 petition forms (more copies will be sent on request). Petitioner should keep the original and two copies of the § 2254 petition which can be submitted in this Court if Petitioner obtains approval from the Fourth Circuit.


                                    /s/ P. Trevor Sharp
                              United States Magistrate Judge


Date:  October 25, 2011